[No. 3,597.]

## MOTT v. FOSTER.

STIPULATION BY PARTY IN PERSON—ATTORNEY.—Where a party to an action has an attorney of record, a stipulation signed by the party in person, granting time to file statement, will be disregarded by the Court. The attorney has the exclusive management and control of the case, and his temporary absence from the county does not affect the rule.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

Judgment in ejectment was entered for the plaintiff June 22d, 1872. Notice of intention to move for a new trial was filed by the defendant July 1st, 1872. On the 5th of July the plaintiff signed a stipulation agreeing that the defendant should have until July 8th in which to file his statement on motion for a new trial, the plaintiff's attorney being temporarily absent from the county. The motion for a new trial was denied and the defendant appealed from the judgment and from the order denying his motion for a new trial.

*O' Melvery* and *Hazard*, for Appellant.

*Brunson*, for Respondent, moved to strike out the statement on the ground that it was filed more than five days after the filing and service of the notice of motion for a new trial, and that no order of the Court, Judge, or Court Commissioner, or consent of the parties, was ever obtained extending the time.

By the COURT:

The stipulation signed by the plaintiff in person goes for nothing. He had at the time an attorney of record who, as such, had the exclusive management and control of the case. (*Board of Commissioners* v. *Younger*, 29 Cal. 149.) The temporary absence of the attorney from the county at the

time the stipulation of plaintiff was obtained does not affect the rule in this respect or operate the displacement of the attorney of record. It results that the statement, being filed too late, must be disregarded, and, no error appearing on the judgment roll, the judgment and order denying new trial are affirmed.