[Sac. No. 333.  Department One.—April 1, 1898.]

M. G. WYLIE, Respondent, v. SIERRA GOLD COMPANY, Appellant.

JUDGMENT BY DEFAULT—EXTENSION OF TIME TO ANSWER—REFUSAL TO VACATE JUDGMENT.—A letter of the plaintiff to an agent of the defendant corporation, stating that he had written to his attorney to give an extension of time to answer, and expressing a hope of a settlement by that time, is not sufficient of itself to constitute an extension of time; and the refusal of the court to vacate a judgment by default for failing to answer within the time previously limited, in the absence of a valid stipulation from plaintiff's attorney, or of an order of court extending the time, is not an abuse of discretion.

ID.—PRESUMPTION AS TO KNOWLEDGE OF LAW.—The agent and attorney for defendant must be presumed to have known the law that the letter of the plaintiff could not have the effect to operate as an extension of time.

ID.—ATTORNEY AND CLIENT.—When a party appears and is represented by an attorney of record, his attorney has authority to control the cause, and the client cannot himself assume control thereof; and if he signs

a stipulation dismissing the action, or extending time for any purpose, the stipulation will have no effect, and will be disregarded by the court.

APPEAL from an order of the Superior Court of Sierra County refusing to vacate a judgment by default. Stanley A. Smith, Judge.

The facts are stated in the opinion.

F. D. Soward, for Appellant.

Frank R. Wehe, for Respondent.

BELCHER, C.—The plaintiff brought this action to recover a certain sum of money alleged to be due him from the defendant. An amended complaint was filed November 7, 1896. To this complaint defendant filed a general demurrer, which was overruled November 23d, and ten days allowed to answer. No answer having been filed, on December 4th, upon application of plaintiff's attorney, the clerk of the court entered the default of the defendant, and immediately thereafter entered judgment for the amount prayed for in the complaint. Thereafter, on the same day, counsel for defendant served and filed notice that he would move the court, on a day named, to set aside the said judgment and permit the defendant to answer the complaint, upon the ground that the judgment was taken against the defendant by surprise, in this, that the plaintiff had extended the time to answer to December 8th, as set forth in an affidavit annexed to the notice, and which was made by R. C. Lane, the president and business manager of the defendant.

The motion was submitted December 11th and denied December 14th, and thereupon the defendant appealed from the said judgment and order.

At the hearing the defendant introduced and relied upon the said affidavit of Lane and certain letters that had passed between him and the plaintiff; and it produced and exhibited to the court a verified answer which it proposed to file. And the plaintiff introduced and relied upon a counter-affidavit made by his attorney, John B. Irish.

The letters from plaintiff were written at Forest City, and those from Lane at Downieville, both places being in Sierra county. It appears from the letters that, after the action was

commenced, negotiations were had between the parties in regard to a settlement of the matter without a trial. After exchanging several letters in reference thereto, on December 2d plaintiff wrote: "I told you that I would be over to-day, but I find it impossible; have written to Irish to give you five days, and I hope we will have it all settled by that time."

This last letter was handed to and filed by the clerk of the court on December 3d, but no application was made to the attorney of plaintiff or to the court for any extension of time to answer, and no reason is shown why such application was not made. It does not appear that defendant's attorney ever saw or knew of the said letter before the default was entered, but it does appear that he was present in court on November 23d, and knew from the action of plaintiff's attorney and the court that the case was being pressed, and he had only ten days to answer.

Appellant now relies upon the said letter as constituting in itself an extension of time to file an answer, but as a matter of fact it had no such effect, and both the president and attorney of defendant must be presumed to have known the law in this regard.

When a party appears and is represented by an attorney of record he cannot himself assume control of the case, and, if he signs a stipulation dismissing the action or extending time for any purpose, the stipulation will have no effect and will be disregarded by the court. (*Board of Commrs. v. Younger*, 29 Cal. 147; 87 Am. Dec. 164; *Mott v. Foster*, 45 Cal. 72.) If, therefore, the plaintiff had signed a stipulation expressly extending defendant's time to answer, it would have been without effect and would have been properly disregarded by the court below.

Under these circumstances it must be held that the failure of defendant to answer in time was due alone to the carelessness of its representatives, and the order of the court denying its motion was therefore not an abuse of its discretion.

The judgment and order appealed from should be affirmed.

Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Garoutte, J., Harrison, J., Van Fleet, J.