[S. F. No. 1370. Department One.—May 10, 1900.]

MORGAN S. TOY, Appellant, v. SARAH E. HASKELL et al.,
Respondents.

Action—Right of Attorney to Control Cause—Power of Court.—A party to an action must be heard in court through his attorney, when he has one, and the court has no power or authority of law to recognize any person in the conduct or disposition of the case other than the attorneys of record.

Id.—Power of Party to Settle Cause—Invalid Stipulation for Dismissal—Vacation of Erroneous Judgment.—The power of a party to compromise, settle, and acknowledge satisfaction of the cause of action, and the effect of such settlement as a defense

to the action, is to be distinguished from his power to control the course of the action otherwise than through his attorneys. A stipulation for a dismissal of the action signed only by the plaintiff and not by his attorneys of record, and made without their consent, is invalid, and the court should correct its erroneous judgment of dismissal based upon such stipulation by setting the judgment aside upon motion properly made to that effect by plaintiff through his attorneys.

Id.—Notice of Motion to Set Aside Dismissal—Waiver—Appearance. The appearance of the defendants at the hearing of a motion to set aside a judgment of dismissal of the action, and their resisting the motion upon its merits, without any objection to the want of sufficient notice of the motion, is a waiver of the usual notice of the motion.

Id.—Vacation of Unauthorized Judgment—Construction of Code—Affidavit of Merits.—A motion to set aside an erroneous judgment of dismissal, based upon an invalid stipulation made by a party without the knowledge or consent of his attorneys, is to set aside a judgment entered without authority of law, and not to open a default or to set aside a judgment under the provisions of section 473 of the Code of Civil Procedure, and no affidavit of merits is necessary upon such a motion.

Id.—Disregard of Ground Stated—"Inadvertence and Surprise."— Where it appears that the motion should be granted for invalidity of the stipulation for dismissal, the court may disregard the fact that one of the grounds stated for the motion was "inadvertence and surprise," under section 473 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to set aside a judgment of dismissal. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Barna McKinne, and A. F. Benjamin, for Appellant.

Carson & Savage, for Respondents.

GRAY, C.—Appeal from an order denying plaintiff's motion to set aside a judgment of dismissal.

In the beginning of this case the plaintiff appeared by the attorneys whose names are signed to the complaint herein. Previous to the commencement of the action plaintiff entered into a written contract with said attorneys by which they were to have one-half of whatever might be recovered in the action as compensation for their services, said attorneys agreeing to

pay the necessary costs of the case. Thereafter, without any substitution or change as to his attorneys, and without their knowledge or consent, the plaintiff, in person, signed and delivered to defendant's attorneys a written stipulation prepared by them authorizing a dismissal of the case, and a judgment of dismissal was accordingly entered.

1. It is the law of this state, settled by repeated decisions, that a party must be heard in court through his attorney, when he has one, and the court has no power or authority of law to recognize anyone in the conduct or disposition of the case except the attorneys of record. So thoroughly has this question been canvassed that it is useless to do more than to cite some of the more important cases on the subject. (*Crescent Canal Co. v. Montgomery,* 124 Cal. 134; *Wylie v. Sierra Gold Co.,* 120 Cal. 485; *Mott v. Foster,* 45 Cal. 72; *Commissioners etc. San Jose v. Younger,* 29 Cal. 149; 87 Am. Dec. 164.)

It should be borne in mind that the question here under consideration relates to the power of a party to control the course of the action in court; and the case, therefore, is to be distinguished from those which merely involve the right of a party to compromise, settle, and acknowledge satisfaction of the claim on which the action is based, and the effect of such a settlement as a defense to the action. Of this latter character is the case of *Hogan v. Black,* 66 Cal. 41, cited in respondent's brief. (See *Theilman v. Superior Court,* 95 Cal. 224.) We think the court erred in recognizing the stipulation signed only by the plaintiff, and should have corrected that error by granting plaintiff's subsequent motion, properly made through his attorneys, to set aside the judgment.

2. We think the record before us sufficient to present the questions discussed on this appeal. The bill of exceptions, to be sure, cannot be recommended as a model, but it appears on the second page thereof that one of the grounds of the motion to set aside the judgment of dismissal "will be that the attorneys for the plaintiff did not consent to or have any knowledge of the stipulation or agreement signed by the plaintiff for said dismissal." The bill of exceptions shows that much of the evidence presented on the hearing was directed to the ground of the motion above quoted, and that some of the affidavits

which are set out were "filed and read by the defendants on the hearing of said motion." It also appears that the motion was argued, submitted, and by the court denied. The appearance of the defendants at the hearing of the motion and their resisting it on its merits, without any objection that no previous notice had been given, was a waiver of the usual notice of motion. We cannot, therefore, uphold respondents' objection based on the insufficiency of the record.

3. Nor do we think that an affidavit of merits was necessary. The motion was not to open a default, but to set aside a judgment that had been entered without authority of law. The stipulation on which the judgment of dismissal was based was unauthorized, and the judgment was no better than it would have been if the court had arbitrarily dismissed the action without any stipulation or motion at all.

It is apparent, therefore, that the proceeding to set aside a judgment like this need not be in accordance with the provisions of section 473 of the Code of Civil Procedure, nor is it subject to the rules governing motions made to vacate judgments in pursuance of and for the reasons stated in that section. To be sure, one of the grounds of the motion stated was "inadvertence and surprise," but the motion should have been granted for the invalidity of the stipulation, and the other grounds stated may, therefore, be disregarded. That no affidavit of merits is necessary on a motion of this character is held in *Norton v. Atchison etc. R. R. Co.*, 97 Cal. 388, 33 Am. St. Rep. 198, and in *Crescent Canal Co. v. Montgomery, supra.*

For the foregoing reasons we advise that the order appealed from be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

Van Dyke, J., Garoutte, J., Harrison, J.