[S. F. No. 6675. Department One.—February 7, 1914.]

In the Matter of the Estate of ERNEST V. COWELL, Deceased. S. H. COWELL et al., Appellants, v. JOHN MINKEL et al., Respondents.

WILL—CONSTRUCTION OF BEQUEST TO EMPLOYEES OF CORPORATION.—The will in question made the following bequests: "Fifth: To all employees of the Henry Cowell Lime & Cement Company now working for said firm at Santa Cruz, and who have been in said employ twenty years the sum of $1000 each and to all who have worked over ten years the sum of $500 each.

"Sixth: To all employees in the S. F. of said firm who have worked three years the sum of $1000 and who have worked two years the sum of $500 each. In all cases these dates are of January first nineteen hundred and eleven." *Held*, that the sixth clause was not void for uncertainty as to the class of persons who were to receive the legacy: that the initials "S. F." were intended to designate San Francisco, where the company was engaged in business, and that properly construed the clause referred to persons working in San Francisco in the service of the company in any branch of its business.

ID.—CONDITIONS OF SERVICE NECESSARY TO MAKE EMPLOYEE A BENEFICIARY.—In order to come within the class designated in such sixth clause, the person must have been in the employ of the company on January 1, 1911. If his aggregate service was for a sufficient time, it was not necessary that he should have been employed continuously during the entire period of three or two years.

ESTATE OF DECEASED PERSON—ATTEMPTED WITHDRAWAL OF PETITION FOR DISTRIBUTION BY PARTY WITHOUT CONSENT OF ATTORNEY—COURT MAY IGNORE.—On a proceeding for the distribution of the estate of a decedent, the court is not bound to comply with a written statement filed by a person entitled to distribution, purporting to withdraw his petition therefor, if he was represented in such proceeding by an attorney of record and the statement was neither signed nor agreed to by such attorney.

ID.—COURT NOT BOUND BY DIRECTIONS OF PARTY REPRESENTED BY ATTORNEY.—In this state, while there is an attorney of record representing a party, the court is not bound to observe or follow the directions of the party himself as to the disposal of the case, made in his absence and without the consent of his attorney.

APPEAL from an order of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, for Appellants.

Eugene D. Sullivan, for Respondents.

SHAW, J.—This is an appeal by the residuary legatees of Ernest V. Cowell, deceased, from an order distributing to John Minkel, Lawrence Maney, James Riordan, Fritz Palm, Thomas Byrne, and F. A. Lance each a sum of money claimed by them, respectively, as legatees under the will of said deceased.

The case involves the meaning and application of the fifth and sixth clauses of the will, which are as follows:

"Fifth. To all employees of the Henry Cowell Lime & Cement Company now working for said firm at Santa Cruz, and who have been in said employ twenty years the sum of $1000.00 each and to all who have worked over ten years the sum of $500 each.

"Sixth. To all employees in the S. F. of said firm who have worked three years the sum of $1000.00 and who have worked two years the sum of $500.00 each. In all cases these dates are of January first nineteen hundred and eleven."

The respondents claim under the sixth clause.

Minkel, Maney, Riordan, and Lance each claim one thousand dollars as employees of the Henry Cowell Lime & Cement Company for three years prior to January 1, 1911. Byrne and Palm each claim five hundred dollars as employees of the firm for two years prior to that date. The order distributed to each his full claim.

It is first contended by the appellants that the sixth clause is void for uncertainty because of the use of the phrase "to all employees in the S. F. of said firm." It is said that the testator omitted some word immediately after the letters "S. F.", that there are no means of ascertaining what word was intended, and that without it the class of persons who were to receive the legacy cannot be determined. It abundantly appears, both from the will itself and from other portions of the record, that the cement company was a concern doing a large business in Santa Cruz and in San Francisco. The estate of the deceased amounted to a million dollars, and

it consisted largely of his interest in said company. The initials "S. F." are in universal use in this state to designate San Francisco and are always so understood, unless there is something in the subject matter or context of the writing indicating a different meaning. It is conceded here that they were used with that meaning in this clause. It is obvious that the word intended for insertion after said initials was inadvertently omitted by the testator. It appears that the company had for many years done business in San Francisco and had employed there a number of persons. We think it is clear that the testator must have intended to give a legacy to the persons employed by the company at San Francisco at the specified date and for the specified time, and that the word omitted was "branch," or "department," or some word of similar meaning. Appellants say that the word "office" was intended and that in consequence only those employed in the office of the company, as distinguished from those employed in other branches of service, are entitled to a legacy. It does not appear that the company had an office in San Francisco, or that there were any persons engaged therein who would be classed as employees, taking the word in its ordinary sense as one engaged in some subordinate capacity. It is shown that the company kept a stable in San Francisco and that it had a manager in that city who employed men in its service. The clause itself, by its terms, refers to those "who have worked" and this implies a class embracing others besides the clerical force in an office. In view of these circumstances we do not think the employees to be benefited by the clause were intended to be limited to those engaged in service in the company's office, even if it be conceded that it had an office in San Francisco. We are of the opinion that it refers to persons working in San Francisco in the service of the company in any branch of its business and that it was not void for uncertainty.

In case No. S. F. 6635, in the matter of the estate of Ernest V. Cowell, deceased, we had under consideration the rights of persons claiming under the fifth clause of this will, and the effect of the sixth clause was there to some extent also involved and determined. (*Ante*, p. 222, [139 Pac. 82].) It was there decided that, in order to come within the class designated in the fifth clause it was necessary that the person should have been in the employ of the company on January 1, 1911,

and that the fact that he had been employed by the company for one of the specified periods ending prior to that date did not entitle such employee to a legacy. If this is true with respect to the fifth clause it is clearly the case with regard to the sixth clause, since the restriction to that date occurs in the latter clause alone.

The petitioner, Maney, left the service of the company on August 1, 1908, and was not again employed therein until March 10, 1911; hence he did not come within the terms of the provision and was not entitled to the bequest.

There is no merit in his claim that his employment in Idaho from August 1, 1908, to September 1, 1910, was a part of his service for the company. The evidence shows that he was working there for the Albion Idaho Land Company. The Cowell Company had no interest in the Albion Company. But even if he had been employed there for the Cowell Company, such employment did not continue until January 1, 1911, and he was not working in San Francisco. Therefore it would not bring him within the class entitled under the sixth clause.

The claimant, Lance, worked for the company in Oakland from March 1, 1908, until the latter part of November, 1909. He then returned to San Francisco and worked there for the company from that time for thirteen months, to and including January 1, 1911. He had also worked in San Francisco for the company, prior to March, 1908, for two different periods of more than two years each, that is, from May, 1901, to November, 1903, and from November, 1904, until January, 1907. After the trial and submission of the cause, and before the decision thereof, Lance signed and filed in the court a statement in which he admitted that he was not entitled to any legacy under the will and declared that he withdrew his petition therefor.

In the case No. 6635, aforesaid, we held that a continuous service for the specified period was not necessary to entitle an employee to a legacy under the fifth clause and that if the aggregate service was for a sufficient time, the employee was entitled, although there were interruptions in the service and not a continuous service for the entire period. We can perceive no reason for a different view with regard to the service under the sixth clause. Lance was therefore entitled to a legacy as an employee who had worked in San Francisco for

the company for the period of three years and who was so working on January 1, 1911.

The court was not bound to comply with the written statement filed by him purporting to withdraw his petition. It was not signed or agreed to by his attorney. It is settled in this state that while there is an attorney of record representing a party the court is not bound to observe or follow the directions of the party himself as to the disposal of the case, made in the absence and without the consent of his attorney. (*Board* v. *Younger,* 29 Cal. 149, [87 Am. Dec. 164]; *Mott* v. *Foster,* 45 Cal. 72; *Wylie* v. *Sierra Co.,* 120 Cal. 486, [52 Pac. 809]; *Toy* v. *Haskell,* 128 Cal. 558, [79 Am. St. Rep. 70, 61 Pac. 89]; *Crescent etc. Co.* v. *Montgomery,* 124 Cal. 145, [56 Pac. 797]; *Boca etc. Co.* v. *Superior Court,* 150 Cal. 155, [88 Pac. 715].) The petition for distribution was signed by the petitioners. It does not appear from the record before us whether or not it was countersigned by their attorney or indorsed by said attorney. But the record shows that the cause came on for trial, "the said petitioners being represented by their attorney, Eugene D. Sullivan, Esq.," that Mr. Sullivan conducted the trial in their behalf and submitted the cause for decision, that afterward the submission was set aside, that thereafter "by oral stipulation of counsel," the application was again submitted for decision and that the withdrawal aforesaid was filed after the last submission and while the matter was under consideration by the court below. It thus sufficiently appears from the record that Sullivan was the attorney for the petitioners in the matter. Upon the authority of the foregoing decisions we hold that the court was not bound to dismiss the proceeding. With respect to the admission of Lance that he was not entitled to a legacy, it is sufficient to say that it was, under the circumstances, a mere opinion. The above stated facts regarding his employment were not disputed and the court correctly held that he was entitled to the legacy.

No objection is made to the allowance to the other claimants.

As to the petitioner, Maney, the order is reversed. As to the other petitioners the order is affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.