[S. F. No. 7015. Department One.—January 22, 1915.]

## In the Matter of the Estate of ERNEST V. COWELL, Deceased. J. VALENTE, Petitioner and Respondent; S. H. COWELL et al., Appellants.

WILL—CONSTRUCTION—ESTATE OF COWELL, 167 CAL. 222, 228, APPROVED.—The provisions of the will involved in this appeal are the same as those construed in *Estate of Cowell*, 167 Cal. 222, 228, and the construction there given to such provisions is approved and followed.

ID.—FINDING—CONFLICTING EVIDENCE—BEQUEST TO EMPLOYEES.—The evidence, although conflicting, is held to sustain the finding that the respondent had been an employee of the Henry Cowell Lime and Cement Company for three years or more preceding January 1, 1911, and was thus a beneficiary under such provisions of the will making bequests to that class of employees.

APPEAL from a decree of the Superior Court of the city and county of San Francisco making partial distribution of the estate of a deceased person. Thos. F. Graham, Judge.

The facts involved in this appeal are similar to those stated in the opinions in Estate of Cowell, 167 Cal. 222, 228.

Mastick & Partridge, for Appellants.

Eugene D. Sullivan, for Respondent.

At the close of the argument Shaw, J., delivered the opinion of the court, Sloss, J., and Lawlor, J., concurring:

The record in this case presents an appeal by certain heirs of Ernest V. Cowell, deceased, from an order of partial distribution of the estate of Ernest V. Cowell, distributing to Valente one thousand dollars under the sixth clause of the will. That clause has been before this court heretofore in the *Estate of Cowell* on the application of Minkel, reported in 167 Cal. 229, [139 Pac. 84]. The legal questions arising under the will have all been settled in that case and in the case preceding it in the same volume. The only question presented here is whether or not Mr. Valente had been an employee of The Henry Cowell Lime and Cement Company for three years or more preceding January 1, 1911,

the date fixed in the will. It is a mere question of the suffi-
ciency of the evidence to sustain the finding, and of course
the rule is too well known to require more than the statement
that whenever the evidence is in conflict this court cannot
interfere with the finding of the court below, if the conflict
is substantial. Taking this evidence as a whole, there is
ample circumstantial evidence in connection with the evidence
of Mr. Valente to justify a finding that Mr. Valente was an
employee of The Henry Cowell Lime and Cement Company
for more than three years preceding the date stated. While
there is other evidence that might have justified a contrary
decision, the court was not obliged to believe that evidence in
the face of the facts established by the circumstantial evi-
dence and the evidence of Valente. It is not necessary to
state the evidence more fully. The conclusion of the court is
that the evidence justified the conclusion of the court below
on that ground. The order is affirmed.