[Civ. No. 2731.  First Appellate District, Division Two.—February 4, 1919.]

DANIEL BARTON, Appellant, v. CITY OF RICHMOND (a Municipal Corporation), et al., Defendants; THE BARBER ASPHALT PAVING COMPANY (a Corporation), Respondent.

DISMISSAL OF ACTION—DEMURRER NOT HEARD—JURISDICTION.—The failure of the plaintiff, within reasonable time, to obtain a ruling upon a demurrer to the complaint offers no obstruction to a dismissal of the action for want of prosecution.

ID.—WHERE NO ANSWER FILED.—The trial court has power to dismiss an action for want of prosecution in such case although no answer has been filed.

ID.—DISCRETION NOT ABUSED.—Where more than five years elapsed after the time of filing a demurrer to the complaint, an order dismissing the action for want of prosecution was not an abuse of discretion.

ID.—APPLICABILITY OF SECTION 583, CODE OF CIVIL PROCEDURE.—Section 583 of the Code of Civil Procedure applies only to cases where an answer, as distinguished from a demurrer, has been filed.

APPEAL from a judgment of the Superior Court of Contra Costa County.  A. B. McKenzie, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Daniel Barton, *in pro. per.*, for Appellant.

Charles A. Gray for Respondent.

BRITTAIN, J.—A suit for injunction to prevent the city of Richmond, a municipal corporation, from issuing certain paving bonds, and in which the Barber Asphalt Paving Company was joined as a party defendant, was commenced on February 12, 1912.  On March 8, 1912, the Barber Asphalt Paving Company demurred to the complaint.  Stipulations to continue the hearing on the demurrer, first to March 25, 1912, then to April 15, 1912, and finally to April 29, 1912, were filed.  Upon notice, and on the record of the case and affidavits filed by both parties, a motion to dismiss the action for want of prosecution, as to the Barber Asphalt Paving

Company, was made on September 11, 1917, and the order granting the motion was entered.

The appellant contends that since there had been no trial on the issue of law raised by the demurrer, the court was without jurisdiction to dismiss the action.  Section 583 of the Code of Civil Procedure provides, among other things, that if an action is not brought to trial within five years after answer filed, the action shall be dismissed upon motion.  If this power to dismiss for want of prosecution exists after issue of fact is joined, in a proper case the power must also exist after issue of law has been joined.  The failure of the plaintiff, within reasonable time, to obtain a ruling upon a demurrer to the complaint offers no obstruction to a dismissal of the action for want of prosecution.

The appellant further contends that since no answer had been filed, the court was without power, under section 583 of the Code of Civil Procedure, to dismiss the action for want of prosecution.  Appellant cites the case of *Romero* v. *Snyder,* 167 Cal. 216, [138 Pac. 1002].  Mr. Justice Shaw, speaking for the supreme court, in that case said: "Section 583 applies only to the particular instance of delay in bringing the case to trial after answer filed.  The court, as we have seen, has general discretionary power, without the aid of legislation, to dismiss an action for want of prosecution.  This power remains in full force, affected only by the implied legislative determination of section 583 that two years' delay is not unreasonable where an answer has been filed.  *Where an answer has not been filed, the court's power remains, as it was before, limited only by a sound discretion.*"

(1) Where more than five years elapsed between the time of filing demurrer to the complaint and the order dismissing the suit for want of prosecution, the learned court below did not abuse its discretion.  (2) Where demurrer to a complaint has not been brought to hearing with reasonable diligence, upon motion by the defendant the court may dismiss the action for want of prosecution.  (3) Section 583 of the Code of Civil Procedure applies only to cases where an answer, as distinguished from a demurrer, has been filed.

The order appealed from is affirmed.

Langdon, P. J., and Haven, J., concurred.