[Civ. No. 5023. Third Appellate District.—November 6, 1933.]

MINNIE H. COLEMAN, as Administratrix, etc., Petitioner, v. THE SUPERIOR COURT OF CALAVERAS COUNTY et al., Respondents.

Henry Eickhoff, Jr., Wm. H. Smith, Jr., Charles P. Snyder and G. W. Wilson for Petitioner.

Nutter & Rutherford and D. R. Jacobs for Respondents.

PLUMMER, J.—On the fourteenth day of September, 1933, the petitioner herein, after notice duly given, moved the Superior Court of the County of Calaveras to dismiss a certain action therein pending wherein one Giacomo Oneto is plaintiff and the petitioner herein is defendant, on the ground that said action had not been brought to trial within five years after filing the complaint in said action. On the 19th of September, 1933, the Superior Court denied said motion, and upon application set said cause for trial on the third day of October, 1933. Thereupon, the petitioner instituted this proceeding to obtain a writ of prohibition restraining said superior court and the judge thereof from proceeding with the trial of said action, or denying any action therein, other than to enter an order of dismissal. Thereupon, this court issued an alternative writ of prohibition restraining the respondents from proceeding with the trial of said action until the hearing of said petition, and requiring respondents to show cause why they should not be permanently enjoined and prohibited from proceeding with the trial thereof.

The record shows that the motion to dismiss the action of Oneto against the petitioner herein was made prior to the expiration of five years after the filing of the answer therein, and was based upon section 583 of the Code of Civil Proce-

dure as amended by the act of the legislature becoming effective August 21, 1933.

Prior to the amendment just referred to, section 583, *supra,* so far as material here, reads as follows: "An action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, or to which it may be transferred on motion of the defendant, after due notice to the plaintiff, or by the court upon its own motion, unless such action is brought to trial within five years after the defendant has filed his answer." The amendment changed the section to read as follows: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, or to which it may be transferred on motion of the defendant, after due notice to plaintiff, or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action."

The amendment, it will be noted, designates that the five years shall run from the time the plaintiff has filed his action, that is, from the time the plaintiff has filed his complaint, instead of from the time when the defendant has filed an answer. That portion of the section which authorizes the court to dismiss an action at its discretion is not involved herein, as the respondent court and judge thereof exercised its discretion in favor of the plaintiff in denying the motion to dismiss. In this particular the record shows that testimony was taken by the court upon which to determine as to how its discretion should be exercised, and upon this proceeding no contention is made that the court abused its discretion.

Only one question is tendered for determination, to wit: Had the court jurisdiction to set the cause for trial and proceed with the same, notwithstanding the defendant's motion to dismiss? To state the question in another manner: Did the amendment to section 583 of the Code of Civil Procedure, which became effective August 21, 1933, act as a bar to any action where the complaint had been filed five years prior to that date, irrespective of the date upon which the answer therein was filed?

The authorities appear to be uniform in holding that the legislature has the right to either lessen or lengthen a statute of limitations, subject only to the exception that an

existing right cannot be cut off summarily, that is, without giving a reasonable time after the act becomes effective to exercise such right. ■ The authorities are also likewise uniform in holding that a writ of prohibition is proper to prevent a court from proceeding with the trial of an action where jurisdiction to do so is wanting.

While the action sought to be dismissed by the petitioner was begun in 1920, the record shows that by stipulations extending time the defendant's answer was not filed until a date within five years of the making of the motion to dismiss. The reasons for the long delay inquired into by the trial court were proper for the trial court to take into consideration in exercising its discretion, but are wholly immaterial here. Had the trial court exercised its discretion in favor of the petitioner and dismissed the action, then the case of *Steinbauer* v. *Bondesen,* 125 Cal. App. 419 [14 Pac. (2d) 106], would have been controlling here.

It may be noted that, irrespective of the sections of the code involved in that action, the rule was reaffirmed that courts have the inherent power to dismiss actions where there has been any unreasonable delay in bringing the same to trial.

So far as the record before us is concerned, it is not disclosed on what date the legislature passed the act amending section 583, *supra,* changing the time when the five-year period begins to run, nor does the record disclose when the amending act was approved by the Governor. All that appears is that the legislature adjourned on the twenty-second day of May, 1933. Not being an emergency measure, the referendum provisions of section 1 of article IV of the Constitution specifying that no act of the legislature shall become effective until ninety days after the adjournment thereof, and until the expiration of ninety days after the adjournment of the legislature on May 22, 1933, the amendment to section 583, *supra,* did not become any part of the substantive law of the state.

■ While we readily concede that all persons are chargeable with knowledge of the law, we do not perceive just how they can be held chargeable with the existence of an act which does not rise to the dignity of law until a certain date. The referendum provisions of the Constitution which prevent an act of the legislature from rising to the dignity

of law are distinguishable, we think, from acts of the legislature which become a law immediately upon passage and approval by the Governor, but which contain provisions postponing the effective date thereof. In the former case one cannot be held chargeable with notice of that which may never become a law, and in the latter case all persons are held to be chargeable with that which has become a law, irrespective of the date designated therein when it shall become effective.

No saving clause was contained in the act amending section 583, *supra,* changing the date from the time of filing the answer to that of filing the complaint when the five-year period should begin to run. Hence, the cases which we are about to consider we think determinative of this proceeding. While these cases have to do with the statute of limitations, we think the same principle applies when an attempt is made to cut off the right to prosecute an action which is already pending. If applicable to the case sought to be dismissed, the amendment to the section in question shortened the period of limitation to a time which had already run, absolutely cutting off a property right which the authorities are uniform in holding cannot be done.

In 17 Ruling Case Law, page 676, we find the following: "An existing right of action cannot be taken away by mere legislation, as by shortening the period of limitation to a time which has already run, nor is it competent to cut off the remedy entirely, as this would amount to a denial of justice, and, therefore, the limitation statute is void if the period allowed is unreasonably short. But it is entirely competent to shorten the period if a reasonable time is given for the commencement of an action before the bar takes effect. The general rule, therefore, may be stated as follows: When a new limitation is made to apply to existing rights or causes of action, a reasonable time must be allowed before it takes effect, in which such rights may be asserted, or in which suit may be brought on such causes of action. Similarly, in all cases in which the period of a statute of limitations is shortened as to existing causes of action, a reasonable time must be left in which such actions may be commenced." Numerous authorities are listed in the notes supporting the foregoing quotation.

Where the statute provides the time limit before the bar becomes effective, it is usually held that the legislature in such instances is the exclusive judge of the reasonable time allowed, and also in states where an act becomes effective immediately upon being approved by the Governor and contains a provision setting forth the time that must elapse before the bar becomes binding, the weight of authority supports the conclusion that the time lapsing between the passage and approval of the act and its effective date may be considered in determining the question of reasonable time.

In the case of *Rossi* v. *Caire*, 186 Cal. 544 [199 Pac. 1042], the court having before it a similar question, held that the time should be calculated from the effective date of the amendment therein being considered. The language of the court is as follows: "This action was instituted August 28, 1917, just four years after the attempted revivor. Defendants interposed a plea of the statute of limitations, alleging the action to be barred by subdivision 3 of section 341 of the Code of Civil Procedure, a subdivision added by the Legislature July 27, 1917. (Stats. 1917, p. 381.) This section as so amended bars an action 'to set aside or invalidate any action taken or performed by a majority of the trustees of any corporation heretofore or hereafter dissolved by operation of law, including the revivor of any such corporation,' unless brought within six months. We regard this matter and the finding of the court thereon as unimportant in the determination of this cause. The amendment cannot be accepted as absolutely destroying any right of action existing at the time of its adoption, which would be the effect if applied here in any other way than as requiring an action to be instituted within a reasonable time from the taking effect of the amendment. (Sec. 17, R. C. L., p. 676 et seq.) ''

The referendum provisions of the Constitution to which we have referred were then in existence, but the time appears to have been calculated by the court as of the date the amendment became effective, just as we have held is the rule that should be applied in this case.

That a statute cannot become effective to bar an existing right without providing a reasonable time for its exercise is likewise supported by the opinion in the case of *Doehla* v. *Phillips*, 151 Cal. 488 [91 Pac. 330].

In 12 C. J., page 978, the text reads: "The power to enact statutes of limitations is subject to the fundamental condition that a reasonable time shall be allowed for the exercise of the right of action, whether existing or prospective, after it comes within the prospective or present operation of the statute and before the bar becomes effective." This text is supported by a long list of authorities. The present operation of the amendment referred to applies as of August 21, 1933, and no time is specified therein, or allowed therein for the exercise of an existing right, and therefore falls within the proscription contained in the text thus quoted.

In 111 Am. St. Rep., page 457, annotations to the case of *Brown* v. *Pinkerton*, 95 Minn. 153 [103 N. W. 897, 900], we find the following, supported by an overwhelming weight of authority: "To deprive a person of all remedy for the enforcement of a right is equivalent to depriving him of the right itself, and this, in the constitutional government, is not permissible. Hence, one having the right to maintain an action cannot, by legislation, under the guise of the statute of limitations, be deprived of that right. The utmost that can be done is to fix a time within which the right may be exercised, and the time so fixed must be reasonable. A statute which cuts off all remedies, or so shortens the time within which it may be pursued, as to practically cut it off, is unconstitutional. The general language of the decisions is that a reasonable time must be allowed."

That the legislature may designate what is a reasonable time, but that a reasonable time must be given, see *Kozisek* v. *Brigham*, 169 Minn. 67 [210 N. W. 622, 49 A. L. R. 1260]. As reported in A. L. R., a long list of notes may be found beginning on page 1263, supporting the rule that the legislature cannot arbitrarily cut off an existing right, but may shorten the time of limitation if a reasonable time for the exercise of the right is given in the act purporting to shorten the time. To the same effect is the text in 16 Cal. Jur., page 398, section 9. See, also, annotations to the case of *Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62, 77 A. L. R., beginning on page 1327]; *Security Nat. Bank* v. *Young*, 55 Fed. (2d) 616 [84 A. L. R. 100]; *State* v. *General Accident, Fire & Life Ins. Corp.*, 134 Minn. 21 [158 N. W. 715, Ann. Cas. 1918B, 615]; *Lamb* v. *Powder River Livestock Co.*, 132 Fed. 434

[67 L. R. A. 558]. To all of the cases cited numerous notes are appended showing that the cases universally support the conclusion that a statute which purports to bar an existing right, without giving reasonable time for its exercise, cannot be upheld, nor can such statutes be applied to existing rights. While constitutional in limiting time for the exercise of rights which are not barred, and allowing reasonable time therefor, application cannot be so given as to absolutely bar an existing right. In the present case the five-year period had not elapsed at the time the defendant made her motion for dismissal. It follows, therefore, that the trial court was not in error in denying the motion and setting the cause for trial. The action of this court upon the application of the petitioner prevented the cause from being brought to trial within the five-year period, and such time, therefore, cannot be calculated. The petitioner, therefore, is not entitled to a writ of prohibition, and the same must be, and is hereby, denied.

Thompson, J., and Pullen, P. J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1934.