[Civ. No. 9252. First Appellate District, Division One.—January 18, 1934.]

MASONIC MINES ASSOCIATION (a Massachusetts Trust) et al., Petitioners, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Fred B. Hart for Petitioners.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, James H. Oakley, Deputy District Attorney, and Edward R. Solinsky for Respondents.

TYLER, P. J.—Mandate to compel the dismissal of an action. The petition alleges in substance that on the thirteenth day of June, 1932, the action sought to be dismissed was filed in Mono County against Masonic Mines Association and others. Thereafter, on August 5, 1932, defendants filed

a demurrer and also a demand for change of place of trial. The demand for the change was granted and the action was transferred to Alameda County. The record in the case was thereupon transmitted to the clerk of said county. At the time the order of transfer was made the statute provided that refiling costs should be paid within one year after the date when such record arrived in the custody of the clerk of the court to which the case was ordered transferred. The record arrived on August 25, 1932. Thereafter the law upon the subject was amended, shortening the time to make such payment to one year after the date of the order of transfer, payment to be made to the clerk of the court which ordered the transfer. The statute in express terms was made to apply to pending cases. This statute went into effect on the twentieth day of August, 1933. Plaintiffs paid the filing fees to the clerk of Alameda County on August 21, 1933, and the record in the case was filed. Immediately thereafter the demurrer to the complaint was placed on the calendar of the Superior Court of Alameda County for hearing. It was overruled and defendants were given time to answer. Thereafter, on August 30, 1933, defendants, petitioners herein, moved the court to dismiss the action on the ground that the refiling fees were not paid within the statutory time. The motion was denied and the present proceeding followed.

■ It is admitted that the fees and costs were paid within the time limit as required by section 581b of the Code of Civil Procedure as it read prior to the 1933 amendment, but appellants contend that sections 399 and 581b of the code, as amended, control, and therefore the refiling fees were paid too late. Respondents, on the other hand, insist that appellants' motion to dismiss was properly denied by the lower court because the provisions of sections 399 and 581b of the Code of Civil Procedure, as amended, were not applicable upon said motion. In support of this contention it is argued that to adopt the claim of petitioners it would be necessary to hold that plaintiffs would have been required to pay the filing fees, under the amended section, on or before August 5, 1933, one year after the time the order was made, which would be fifteen days prior to the effective date of the amendments. In support of the petition appellants have cited us to numerous cases on the right of the

legislature to amend statutes and enact laws changing and controlling a remedy and rules of evidence, where said amendments or new laws do not impair the obligation of contracts, destroy vested rights or create a new bar by which an action may be defeated. ▇ We need not be at pains to construe the statutes in question or discuss the cases cited by both counsel to support their different positions, for we are of the opinion that the principles involved have been set at rest by the recent case of *Coleman* v. *Superior Court,* 135 Cal. App. 74 [26 Pac. (2d) 673]. The question in the cited case was as to whether or not the amendment to section 583 of the Code of Civil Procedure, referring to dismissal of action for failure to prosecute the same, effective August 21, 1933, which was made applicable to pending actions, was a bar to an action where the complaint had been filed more than five years prior to that date, irrespective of the date when the answer was filed. The court held that the 1933 amendment to said section, requiring the dismissal of an action if not brought to trial within five years after the complaint is filed (in lieu of five years after the filing of the answer), did not affect a pending action so as to require a dismissal thereof at least until the plaintiff had a reasonable time after the effective date of the amendment to bring the action to trial; that such an amendment will not be held applicable to a pending case where the amendment will, if operative, require the taking of some action prior to the effective date of the amendment. Counsel for appellants concede the force of the decision, but they severely criticise the same as not being in harmony with well-considered cases upon the subject. They further claim that the decision confuses rights with procedure. A transfer was denied by our Supreme Court and we are bound by the decision. This being so, the petition is denied.

Knight, J., and Cashin, J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court of March 19, 1934.

Thompson, J., dissented.