[Civ. No. 9823.   First Appellate District, Division One.—May 1, 1936.]

MIAMI VALLEY COATED PAPER COMPANY (a Corporation), Appellant, v. PACIFIC NATIONAL BANK (a Corporation) et al., Respondents.

Esmond Schapiro for Appellant.

Oliver Dibble and Hugh K. McKevitt for Respondents.

TYLER, P. J.—Dismissal for failure to bring case to trial within the statutory period. The action was one brought to recover certain personal property consisting of 104 cases of paper and was filed March 28, 1929. The answer of defendant San Francisco Warehouse Company was filed November 29, 1933, and that of defendant Pacific National Bank was filed November 25, 1933. The record does not disclose the reason for the delay in the filing of the different answers. Memorandum of motion to set the cause for trial was duly served on said defendants by plaintiff on October 24, 1934, and was filed with the clerk on October 26, 1934. Thereafter defendants duly served their notices of motion for an order to dismiss the action on the ground that it was not brought to trial within five years after the filing of the complaint. The motions to dismiss were duly heard by the lower court on January 9, 1935, and granted. This is an appeal from said order.

At the time this action was commenced, section 583 of the Code of Civil Procedure provided: "Any action heretofore or hereafter commenced shall be dismissed . . . unless such action is brought to trial within five years after the defend-

ant has filed his answer." Effective August 21, 1933, the legislature changed this provision to read as follows: "Any action heretofore or hereafter commenced shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action." It will be noticed that, by the amendment, the time for the right of dismissal is shortened, as it dates from the time the action is filed rather than to the date of the filing of the answer.

It is appellant's contention (1) that the 1933 amendment is unconstitutional, because by its very wording it was made applicable to actions previously commenced, and cut them off by not affording a reasonable time to bring such cases to trial, and the court has no right to legislate by determining that, in spite of the amendment, cases previously commenced have a reasonable time to be brought to trial; (2) assuming the amendment is constitutional generally and that there is allowed a reasonable time within which to bring to trial cases previously commenced, plaintiff did not have a reasonable time to bring the action to trial after the amendment went into effect, and therefore the retroactive application of the amendment is unconstitutional as to this plaintiff and the action should not have been dismissed. It is conceded by appellant, as indeed it must be, that the legislature may shorten the period within which an action is required to be brought to trial and may make the new period applicable to existing causes of action. It insists however, that where the shortening of time is made retroactive there must be a reasonable time provided in the act itself for the party affected to avail himself of his remedy after the new statute goes into effect. It is argued that this omission in the act renders it unconstitutional as to actions previously commenced, and it is not for the court to supply this omission and to say that, notwithstanding the clear wording of the amendment, a reasonable time is allowed to bring pending cases to trial, it being a cardinal rule of statutory construction that courts have no authority in anywise to add or supply words to a statute or to insert in a statute what has been omitted therefrom. We need not be at pains to discuss this question as it is not one of first impression in this state. In the case of *Rosefield Packing Co.* v. *Superior Court*, 4 Cal. (2d) 120 [47 Pac. (2d) 716], it was expressly held that the 1933 amendment to section 583 of the Code of Civil Procedure is

constitutional if a reasonable time is allowed plaintiff to bring his action to trial. Appellant insists, however, that nowhere in the decision is the question of the power of the court to grant a reasonable time after the effective date of the amendment considered or passed upon. This precise point made here was raised in the petition for rehearing and the same argument advanced in support of the claim that the amendment in question is unconstitutional, and a rehearing was denied. We are bound by the decision as it was the identical point involved. The amendment did not cut off the right of appellant to proceed with the trial of its case.

And this brings us to appellant's second contention. As hereinabove set forth the complaint was filed on March 28, 1929. The effective date of the amendment was August 21, 1933. The five-year period from the date of the filing of the complaint expired March 28, 1934. Appellant filed its motion to set cause for trial on October 26, 1934. Appellant had, therefore, seven months after the date of the amendment and before the lapse of the five-year period to bring its case to trial, and more than sixteen months had passed without a trial at the time the dismissal was granted. The duty and burden rested on appellant to bring the case to trial within the period prescribed by the amendment or within a reasonable time after the effective date thereof. In the Rosefield case, *supra*, the party affected had one year by reason of the amendment within which to set its case for trial, and this was held to be a reasonable time. By the same token, seven months was a reasonable time for appellant to proceed with its remedy, and this being so the amended statute may be applied to the action without violating any constitutional right of appellant.

The orders of dismissal are affirmed.

Knight, J., and Cashin, J., concurred.