[S. F. No. 16889. In Bank. Oct. 24, 1944.]

WELLS FARGO & COMPANY (a Corporation), Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

[S. F. No. 16890. In Bank. Oct. 24, 1944.]

WELLS FARGO & COMPANY (a Corporation), Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Pillsbury, Madison & Sutro for Appellant.

John J. O'Toole, City Attorney, and Norman Sanford Wolff, Deputy City Attorney, for Respondent.

TRAYNOR, J.—On April 24, 1907, and July 15, 1908, plaintiff brought actions under section 3819 of the Political Code to recover from defendant $899 and $1,860 for taxes paid under protest, together with interest from the date of payment and costs. In each case a general demurrer was overruled and time was allowed to answer. Notices of the orders overruling the demurrers were served, but no answers were filed and there were no further proceedings until January 25, 1938, about thirty years after the filing of the complaints, when an attorney, who was not plaintiff's attorney of record, secured default judgments for $2,822.59 and $5,700.90, including interest from the time when the taxes were paid until the date of the judgments, and costs. On defendant's motion in November 1938, when the time for an appeal or for a motion under section 473 of the Code of Civil Procedure had expired, the judgments were set aside as void and the actions dismissed for want of prosecution. Defendant bases its attack on the judgments on the grounds that after expiration of the five-year period allowed in section 583 of the Code of Civil Procedure for bringing an action to trial the court lost jurisdiction except to dismiss the actions, that the court had no jurisdiction to enter the judgments upon the application of

an attorney who was not plaintiff's attorney of record, and that both the awarding of costs against a subdivision of the state and the granting of interest for a period preceding the judgment were in excess of the jurisdiction of the court.

█ A motion to vacate a judgment, made after the expiration of the six-month period allowed in section 473 of the Code of Civil Procedure for a motion to set aside a default judgment, is governed by the rules applicable to collateral attack. (*Borenstein* v. *Borenstein*, 20 Cal.2d 379, 381 [125 P.2d 465]; *City of Salinas* v. *Luke Kow Lee*, 217 Cal. 252, 255 [18 P.2d 335]; *In re Morehouse*, 176 Cal. 634, 636 [169 P. 365]; *Lake* v. *Bonynge*, 161 Cal. 120, 126 [118 P. 535]; *People* v. *Norris*, 144 Cal. 422 [77 P. 998]; *Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672, 674 [74 P. 301]; see 15 Cal.Jur. 47, § 139.) █ In the absence of extrinsic fraud or mistake (see *Olivera* v. *Grace*, 19 Cal.2d 570, 575 [122 P.2d 564, 140 A.L.R. 1328]) a judgment so attacked cannot be set aside unless it is void on its face. (*Hahn* v. *Kelly*, 34 Cal. 391 [94 Am.Dec. 742]; *City of Salinas* v. *Luke Kow Lee, supra; Burrows* v. *Burrows*, 10 Cal.App.2d 749 [52 P.2d 606]; *Texas Co.* v. *Bank of America*, 5 Cal.2d 35 [53 P.2d 127]; *Estate of Keet*, 15 Cal.2d 328 [100 P.2d 1045]; *Kaufmann* v. *California Mining etc. Syndicate*, 16 Cal.2d 90 [104 P.2d 1038]; *Salter* v. *Ulrich*, 22 Cal.2d 263 [138 P.2d 7, 146 A.L.R. 1344].)

█ "Every presumption is in favor of the validity of the judgment, and any condition of facts consistent with its validity [and not affirmatively contradicted by the judgment roll] will be presumed to have existed rather than one which will defeat it" (*Borenstein* v. *Borenstein, supra,* at p. 381; *Kaufmann* v. *California Mining etc. Syndicate, supra,* at p. 92; *City of Salinas* v. *Luke Kow Lee, supra,* at p. 256; *Hahn* v. *Kelly, supra,* at p. 430). █ A mere erroneous decision on a question of law, even though the error appears on the face of the record, does not make the judgment void, if the court had jurisdiction of the subject matter and of the person of the defendant. (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 640 [134 P.2d 242]; *Estate of Keet, supra,* at p. 333; *Gray* v. *Hall*, 203 Cal. 306 [265 P. 246]; *Associated Oil Co.* v. *Mullin*, 110 Cal.App. 385 [294 P. 421]; *Creditors Adjustment Co.* v. *Newman*, 185 Cal. 509, 513 [197 P. 334]; 15 Cal.Jur. 83; 1 Freeman on Judgments [1925], § 322, p. 642, § 357, p. 742).

Defendant's contention that the judgments are void on the ground that the court had lost jurisdiction except to dismiss them, is based on section 583 of the Code of Civil Procedure, which in its pertinent part provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended." Only if the judgment was entered in violation of this section would the jurisdictional question arise.

Section 583, which became effective in its present form on August 21, 1933, makes the filing of the action the starting point of the five-year period. It had previously allowed the plaintiff five years from the filing of the answer in which to bring the action to trial. (*Overaa* v. *Keeney*, 169 Cal. 628 [147 P. 466]; *Barton* v. *City of Richmond*, 39 Cal.App. 564 [179 P. 522]; *Romero* v. *Snyder*, 167 Cal. 216 [138 P. 1002].) Since the actions in the present case were commenced in 1907 and 1908, they were originally governed by the old statute, and the five years allowed for the prosecution of the action did not start to run, for no answers were ever filed. Under the new statute, which applies to "any action heretofore . . . commenced," plaintiff's right of action was cut off immediately upon enactment of the amendment for the whole of the five-year period, computed from the filing of the action, had already run when the amendment to section 583 became effective. ■ Since a statute cannot cut off a right of action without allowing a reasonable time after its effective date for the exercise of the right (*Coleman* v. *Superior Court*, 135 Cal. App. 74, 76 [26 P.2d 673]; *Rosefield Packing Co.* v. *Superior Court*, 4 Cal.2d 120 [47 P.2d 716]; *Superior Oil Co.* v. *Superior Court*, 6 Cal.2d 113 [56 P.2d 950]; *Masonic Mines Association* v. *Superior Court*, 136 Cal.App. 298 [28 P.2d 691]; *Miami Valley etc. Co.* v. *Pacific National Bank*, 13 Cal.App.2d 621 [57 P.2d 233]; *Murphy* v. *Murphy*, 5 Cal.2d 640 [55 P.2d 1169]; 9 Cal.Jur. 542; 112 A.L.R. 1158, 1164), the new statute cannot constitutionally apply to plaintiff's actions. ■ Defendant contends that even though the period pre-

scribed had clearly run when the amendment became effective, it should be construed as providing a reasonable time after the enactment of the amendment and that a reasonable time thereafter had expired when plaintiff, about four and a half years later, applied for entry of the judgments. Even if the statute were susceptible of such a construction (see *Coleman* v. *Superior Court, supra; Masonic Mines Assn.* v. *Superior Court, supra; Stevens* v. *Sacramento Suburban Fruit Lands Co.,* 109 Cal.App. 120, 144 [292 P. 699]; 17 R.C.L. 677; 34 Am.Jur. Limitation of Actions, § 22), the trial court by entering the judgments determined that plaintiff's actions were brought to trial within a reasonable time. Since the court had jurisdiction to make that determination, it is not subject to collateral attack.

Defendant contends that the court had no power to enter the judgments upon application of James P. Sweeney, an attorney, who, though not appearing of record as plaintiff's attorney, was associated by plaintiff's attorneys of record in these matters upon authorization of their client. Defendant claims that while plaintiff had attorneys of record, Sweeney could not enter a valid appearance for plaintiff without previously filing the written consent of the client and the attorneys of record with the clerk and giving written notice to the adverse party, as prescribed in sections 284 and 285 of the Code of Civil Procedure.

 It is settled that the attorney of record has the exclusive right to appear in court for his client and to control the court proceedings, so that neither the party himself (*Anglo California Trust Co.* v. *Kelly,* 95 Cal.App. 390 [272 P. 1080]; *Boca etc. R. R. Co.* v. *Superior Court,* 150 Cal. 153 [88 P. 715]; *Electric Utilities Co.* v. *Smallpage,* 137 Cal.App. 642, 643 [31 P.2d 412]; *Toy* v. *Haskell,* 128 Cal. 558 [61 P. 89, 79 Am.St. Rep. 70]; *Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134 [56 P. 797]; *Wylie* v. *Sierra Gold Co.,* 120 Cal. 485 [52 P. 809]; *Mott* v. *Foster,* 45 Cal. 72; *Board of Commissioners* v. *Younger,* 29 Cal. 147 [87 Am.Dec. 164]), nor another attorney (*Johnston* v. *City of San Fernando,* 35 Cal.App.2d 244, 247 [95 P.2d 147]; *Drummond* v. *West,* 212 Cal. 766, 769 [300 P. 823]; *McMahon* v. *Thomas,* 114 Cal. 588 [46 P. 732]; *Prescott* v. *Salthouse,* 53 Cal. 221; *Hobbs* v. *Duff,* 43 Cal. 485; 3 Cal. Jur. 637), can be recognized by the court in the conduct or

disposition of the case. (*Board of Commissioners* v. *Younger, supra; Crescent Canal Co.* v. *Montgomery, supra.*) ▇ If the attorney of record, however, associates another attorney with him, it rests with them to divide the duties concerning the conduct of the cause. (See 5 Am.Jur., Attorneys at Law, § 73, p. 302; 7 C.J.S., § 107, p. 938; 6 C.J., § 181, p. 668.) ▇ The requirements of a substitution as prescribed in sections 284 and 285 of the Code of Civil Procedure are not applicable unless the associated attorney attempts to act as the sole attorney rather than as an associated attorney and to convert his association into a substitution for the attorney of record. (*Prescott* v. *Salthouse, supra, McMahon* v. *Thomas, supra.*) In the present case Sweeney did not claim to act as sole attorney for plaintiff, but applied for the judgments as "one of the attorneys for plaintiff" referring to his association with the attorneys of record from whom he derived his authority, and thus did not depart from the proper course for an associated attorney.

The judgments awarded interest to the plaintiff from the time of payment of the taxes until the date of the judgments. ▇ It is well settled that in an action to recover taxes paid under protest under section 3819 of the Political Code, interest cannot be allowed from the time of payment but only from the time of the adjudication declaring the money due.[1] (*Savings & Loan Society* v. *San Francisco*, 131 Cal. 356 [63 P. 665]; *Columbia Savings Bank* v. *Los Angeles*, 137 Cal. 467 [70 P. 308]; *Miller* v. *Kern County*, 150 Cal. 797 [90 P. 119]; *Spencer* v. *Los Angeles*, 180 Cal. 103, 115 [179 P. 163]; *United Taxpayers Co.* v. *San Francisco*, 55 Cal.App. 239, 243 [203 P. 120]; 24 Cal.Jur. 318.) ▇ It does not follow, however, that the court exceeded its jurisdiction in allowing the interest in question. Such a judgment is not open to collateral attack on the ground that the scope of the relief granted by the court exceeds the relief to which plaintiff is entitled under the law applicable to his cause of action. (*Redlands etc. School District* v. *Superior Court*, 20 Cal.2d 348, 360 [125 P.2d 490]; *Estrin* v. *Superior Court*, 14 Cal.2d 670, 675 [96 P.2d 340]; *Lankton* v. *Superior Court*, 5 Cal.2d 694 [55 P.2d 1170];

---

[1]Rev. & Tax. Code, § 5141, enacted in 1941, provides for interest from date of payment under protest, as to taxes paid after the effective date of the section.

*Karry* v. *Superior Court,* 162 Cal. 281, 284 [122 P. 475, 128 P. 760].)

 Section 3819 of the Political Code, under which the present actions were brought, provides that a property owner who claims that a tax paid by him under protest is illegal "may at any time within six months after such payment bring an action against the county, in the superior court, to recover back the tax so paid under protest." The permission to sue a county (Cal. Const., art. XX, § 6; *Union Bank & Trust Co. of Los Angeles* v. *Los Angeles County,* 2 Cal. App.2d 600 [38 P.2d 442]; *Liebman* v. *Richmond,* 103 Cal. App. 354 [284 P. 731]; *Colusa County* v. *Glenn County,* 117 Cal. 434 [49 P. 457]; 7 Cal.Jur. 557) granted by this statute is not limited to the recovery of the amount of tax paid, but extends to so much interest as is owed the taxpayer under the general rules of law. (*Columbia Savings Bank* v. *Los Angeles, supra; Spencer* v. *City of Los Angeles, supra.*) In allowing interest from the earlier date, the court erred therefore merely as to the scope of plaintiff's recovery and its judgment is therefore not subject to collateral attack. (*Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636, 640 [134 P.2d 242].)

 Finally, defendant attacks that part of the judgments awarding costs, claiming that as a city and county it cannot be required to pay costs. Even if the court was without authority to award costs to plaintiff, it would not follow that the judgments are subject to collateral attack. The court had jurisdiction of the person and the subject matter. The awarding of costs is but an incident to the judgment (*Begbie* v. *Begbie;* 128 Cal. 154, 155 [60 P. 667]; *Gutting* v. *Globe Indemnity Co.,* 119 Cal.App. 288 [6 P.2d 298]; *Ablett* v. *Hancock Oil Co.,* 10 Cal.App.2d 58, 59 [50 P.2d 1077]; *Purdy* v. *Johnson,* 100 Cal.App. 416 [280 P. 181]; *Ritter* v. *Ritter,* 381 Ill. 549 [46 N.E.2d 41]; see 39 A.L.R. 1218), and is therefore within the court's jurisdiction to enter the judgment. Hence the award of costs is conclusive after the judgment becomes final. (*Panos* v. *Great Western Packing Co.,* 21 Cal.2d 636, 640 [134 P.2d 242].)

The orders are reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Schauer, J., concurred.