[Civ. No. 14675.   Second Dist., Div. Two.   Feb. 28, 1945.]

CALIFORNIA  EMPLOYMENT  STABILIZATION  COM-
    MISSION,  Respondent,  v.  THE  SMILEAGE  COM-
    PANY, LTD. (a Corporation), Appellant.

Charles E. McGinnis and John C. Miles for Appellant.

Robert W. Kenny, Attorney General, and Clarence A. Linn and Doris H. Maier, Deputies Attorney General, for Respondent.

WOOD (W. J.), J.—Plaintiff commenced this action under the provisions of sections 37, 38 and 44 of the California Unemployment Insurance Act [Stats. 1935, p. 1226, as amended; Deering's Gen. Laws, Act 8780d] for the collection of contributions, interest and penalties alleged to be due from defendant in the sum of $8,270.84 for the period from January 1, 1936, to September 30, 1939. The trial court found that contributions for the period from January 1, 1936 to June 30, 1936, were barred by the provisions of section 338, subdivision 1, of the Code of Civil Procedure, but entered judgment for the contributions and interest claimed for the period from July 1, 1936 to September 30, 1939. Defendant has appealed from this judgment.

Defendant now claims that the evidence fails to show that, during the period covered by the judgment, it was an employer within the meaning of the Unemployment Insurance Act or that it was indebted for any amount whatever. It is also claimed that plaintiff's action is barred by subdivision 1, section 338, of the Code of Civil Procedure.

We are satisfied that the findings of the trial court are supported by the evidence. In addition to evidence concerning the number of employees that were employed by defendant during the period in question and concerning the failure of defendant to file returns, plaintiff relies upon the certificate provided for by section 45.1 of the California Unemployment Insurance Act, which was introduced in evidence. By the terms of this section the certificate is made prima facie evidence of the payment by the employer of the amount of wages set forth therein, of the levy of the contributions, of the delinquency and of the compliance by the commission with all of the provisions of the act in relation to the contributions and levy of the contributions specified in the certificate. The certificate being prima facie evidence of the facts it sets forth, it established the allegations necessary to make out a case for plaintiff until contradicted and overcome by other evidence.

Any evidence in the case contrary to the prima facie case established by the certificate of delinquency merely created a conflict in the evidence to be resolved by the trial court. (*People* v. *Mahoney,* 13 Cal.2d 729 [91 P.2d 1029].) Defendant did not present its books at the trial and we find no evidence in the record which compels a ruling that as a matter of law the

prima facie case established by plaintiff by the introduction of the certificate was overcome. Indeed, plaintiff's auditor testified that when seeking to audit the books of the defendant he "saw an incomplete and unintelligible set of records, books and records, that did not tie in"; that he requested the rest of the books and records, and after several visits in the early part of 1939 he saw some of defendant's books and records; that he examined the general ledger, which showed deductions for unemployment purposes; that these deductions had been made from the salaries of employees of the corporation according to law and that these amounts were not sent to the Sacramento office of the department.

We cannot sustain defendant's contention that section 45.1 is not applicable because it became effective in September of 1939, a date subsequent to the time when most of the contributions became due. The section in question is remedial and procedural. A statute affecting procedure or providing a new remedy for the enforcement of existing rights is properly applicable to actions pending when the statute becomes effective. (23 Cal.Jur. 632, and cases there cited.) At the time section 45.1 became effective defendant was under the obligation to pay the contributions. The statute provided a new remedy for the enforcement of plaintiff's existing rights and did not interfere with any vested right of defendant.

Notwithstanding the action was not filed until March 25, 1942, the court did not err in ruling that it was not barred by subdivision 1 of section 338 of the Code of Civil Procedure. Section 45.2, which became effective on September 19, 1939, provides: "No statute of this State shall limit the time within which the commission may enforce the payment of contributions by civil action or any other remedy provided by this act if with respect to such contributions no return has been filed." It was shown in evidence that no contribution reports were filed by defendant for the years 1936 and 1937, and that erroneous and inadequate reports were filed for the first three quarters of 1938. A return which fails to make substantial compliance with the requirements of the statute and which gives misleading information calculated to prevent the discovery of the true facts is equivalent to no return whatever and is not effective to start the running of the statute of limitations. (*John D. Alkire Inv. Co.* v. *Nicholas,* 114 F.2d 607;

*People's Outfitting Co.* v. *United States,* 58 F.2d 847.) There is no merit in defendant's contention that section 45.2 is not applicable because its effective date was later than the period for which defendant was obligated to make the contribution.

█ Where a cause of action is not barred by the statute of limitations the Legislature may extend the time for filing the action provided no vested right is impaired. (*Riley* v. *Havens,* 193 Cal. 432, 435 [225 P. 275] ; *Davis & McMillan* v. *Industrial Acc. Com.,* 198 Cal. 631 [246 P. 1046, 46 A.L.R. 1095].)

█ It is clear that no vested right of defendant has been impaired, for it was obligated to pay the contributions at the time of the enactment of the statute.

█ Defendant complains of the action of the court in denying its motion for a new trial, claiming that it was unable to produce its records at the trial, that there was a sufficient showing of its inability to produce them, and that the records are now available. From the counteraffidavit of counsel for plaintiff it appears that defendant was given many opportunities to produce its books and records and to present witnesses to support its contention that the assessments levied were erroneous; that several continuances were granted to defendant but that it did not avail itself of the opportunity to refute the evidence presented by plaintiffs. The record fails to disclose the making of a proper application for a continuance for the purpose of producing the books and records.

█ The granting or refusal of a new trial is within the sound discretion of the trial court and the action of the court in passing upon a motion for a new trial will not be disturbed on appeal unless there is a clear showing of abuse of discretion.

█ We find no abuse of discretion here.

The judgment is affirmed. The purported appeal from the order denying a new trial is dismissed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 26, 1945.