[Civ. No. 13079. First Dist., Div. One. Sept. 4, 1946.]

CALIFORNIA EMPLOYMENT STABILIZATION COM-
 MISSION, Respondent, v. CHICHESTER TRANSPOR-
 TATION COMPANY (a Corporation), Appellant.

Fabian D. Brown for Appellant.

Robert W. Kenny, Attorney General, and Clarence Linn and Doris H. Maier, Deputies Attorney General, for Respondent.

WARD, J.—The defendant appeals from a judgment in an action to recover unemployment insurance taxes. The trial court concluded "That the plaintiff is entitled to judgment against said defendant in the sum of One Thousand Six Hundred Fifty-Four and 34/100ths Dollars ($1654.34) as and for contributions for the period from *January 1, 1936 to December 31, 1942,* together with penalty in the sum of Sixty-one Dollars ($61.00) and interest to February 28, 1945, in the sum of One Thousand Seventy-six and 38/100ths Dollars ($1076.38) plus interest from February 28, 1945, to date of judgment herein at the rate of one-half per cent per month or fraction thereof computed on such contributions of One Thousand Six Hundred Fifty-four and 34/100ths Dollars ($1654.34) together with plaintiff's cost of suit in the amount of Six and 25/100ths Dollars ($6.25)." (Italics added.) The plaintiff is the California Employment Stabilization Commission, successor to the California Employment Commission (formerly Unemployment Reserves Commission).

The primary question involved on this appeal concerns the effect of section 45.2 of the California Unemployment Insurance Act as added by chapter 630, Statutes of 1939 [Deering's Gen. Laws, 1939 Supp., Act 8780d], and the effect of the amendment of said section by Statutes of 1943, chapter 1114 [3 Deering's Gen. Laws, Act 8780d]. The defense to the action is based upon the provisions of section 338, subdivision 1 of the Code of Civil Procedure, which in substance sets forth a three-year statute of limitations on a liability created by statute other than a penalty or forfeiture. This action was filed February 28, 1944, and the commission relies on section 45.2 of the Unemployment Insurance Act as it was en-

acted in 1939 to support the judgment. The appellant taxpayer relies on section 45.2 as amended in 1943, effective August 4, 1943, to defeat the judgment. The Legislature in 1945 repealed the entire section. As amended in 1943 the section read: "No statute of this State shall limit the time within which the commission may enforce the payment of contributions by civil action or any other remedy provided by this act if *by reason of any intent to evade the provisions of this act* no contribution report *or an erroneous return* has been filed." (Italics added.) By the amendment in 1943 the italicized portions were added to the section as it read in 1939. It is apparently admitted by the commission that they did not prove an intent to evade the act.

The 1943 amendment further provided that the above italicized portion "is hereby declared to be merely a clarification of the original intention of the Legislature, rather than a substantive change, and such section shall be construed for all purposes as though it had always read as hereinabove set forth." (Stats. 1943, ch. 1114.)

 It is appellant's position that the latter provision is controlling in the present action; that the interpretation of the Legislature in 1943, if not controlling, should be persuasive of the intent of the original enactment. Citations have been submitted but they may be epitomized as follows: "Although the legislature cannot authoritatively fix the meaning of the constitution, and its interpretation is not controlling upon the court, yet, where the meaning is doubtful, the contemporaneous and long-continued construction thereof by the legislature is entitled to great deference, and may be supposed to reflect the views of policy and modes of reasoning which prevailed among the framers of the constitution." (5 Cal.Jur. § 37, p. 604.) Section 45.2 as enacted in 1939 is unambiguous and clear. It permitted suits for the collection of unemployment contributions outside the period prescribed in section 338, subdivision 1 of the Code of Civil Procedure regardless of the intent of the taxpayer where no return had been filed. The right to construe a preexisting statute belongs to the judiciary. Courts may not be forced to construe such a statute in accordance with legislative interpretation though the Legislature has a right to define the terms of a statute for the future. It may not revise the operation of an existing law in the form of an amendatory statute to affect past transactions. "The weight of authority sup-

ports what we think to be the true rule, i. e., that such declaratory or defining statutes are to be upheld, except with regard to past transactions, as an exercise of the legislative power to enact a law for the future." (*In re Coburn,* 165 Cal. 202, 210 [131 P. 352].) The 1943 amendment relied upon by appellant is not controlling on transactions prior to the effective date—August 4, 1943—of that statute. Any money judgment herein requested or awarded as delinquent contributions, except interest, is based on a period prior to 1943. Appellant is unable to invoke the 1943 amendment to section 45.2 and is relegated to the provisions of the 1939 statute, which provided: "No statute of this State shall limit the time within which the commission may enforce the payment of contributions by civil action or any other remedy provided by this act if with respect to such contributions no return has been filed."

 Assuming any effect can be given to the legislative intent to affect existing causes of action by its amendment of section 45.2 in 1943, it could not affect them until a reasonable time had passed, and the trial court's determination of what constitutes a reasonable time will not be reversed unless it can be said that its conclusion constituted an abuse of discretion. (*Superior Oil Co.* v. *Superior Court,* 6 Cal.2d 113, 118 [56 P.2d 950]; *Rosefield Packing Co.* v. *Superior Court,* 4 Cal.2d 120 [47 P.2d 716]; *Coleman* v. *Superior Court,* 135 Cal.App. 74, 78 [26 P.2d 673]; compare *Wells Fargo & Co.* v. *City & County of San Francisco,* 25 Cal.2d 37, 42 [152 P.2d 625].) Six months should not be declared as a matter of law an unreasonable length of time within which to bring suit under the prior statute after the enactment of the amendment.

*California Emp. Stab. Com.* v. *Smileage Co.,* 68 Cal.App. 2d 249 [156 P.2d 454], held that section 338, subdivision 1 of the Code of Civil Procedure, was inapplicable to tax periods which were not barred thereby prior to the enactment of section 45.2 of the Unemployment Insurance Act. At the time of oral argument it was stipulated that the item of $212.48 covering contributions assessed for the period January 1, 1936, to June 30, 1936, a period of more than three years prior to the effective date of the 1939 amendment, was not a proper legal assessment and that it should be eliminated from the judgment.

At the time of the oral argument the court questioned counsel as to the propriety of the judgment insofar as it includes

contributions for the period July 1, 1936, to September 30, 1936, which contributions under the rules of plaintiff appear to have become delinquent on November 1, 1936. Counsel were requested to file additional briefs on this point. The respondent has filed its brief contending such contributions were properly included. The appellant has declined to file a brief on this issue. Inasmuch as appellant has not seen fit to question this portion of the judgment its correctness will be assumed, but only for the purposes of this appeal.

The judgment is reversed solely on the matter of computation. The trial court is directed to eliminate the sum of $212.48 and recompute the amount of the judgment in accordance with the views herein expressed; respondent to recover costs.

Schottky, J. pro tem., and Peters, P. J., concurred.