[No. B038592. Second Dist., Div. Seven. July 20, 1989.]

KYONG SUK BRADLEY, Plaintiff and Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

Thomas Edward Wall for Plaintiff and Appellant.

Dolan, Cohen, Taylor & Peterson, Ira Cohen, Horvitz & Levy, David M. Axelrad and Lisa Perrochet for Defendant and Respondent.

OPINION

**WOODS (Fred), J.**—Plaintiff appeals from an order dismissing his petition to compel arbitration. We reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

Respondent issued an automobile insurance policy to appellant. The policy contained a provision for coverage of uninsured motorist accidents and further provided that if the parties could not agree as to a settlement of the uninsured motorist action, the issue would be resolved by arbitration. On December 31, 1986, appellant was involved in an automobile accident with an uninsured motorist. Appellant and respondent could not agree as to a settlement of the action.

On November 24, 1987, a lawsuit was filed against the uninsured motorist. Notice of the lawsuit was given to respondent on March 22, 1988. On May 4, 1988, appellant demanded arbitration under the policy. Respondent declined.

On July 28, 1988, appellant filed a petition to compel arbitration. On October 19, 1988, respondent filed a notice to dismiss the petition. On November 4, 1988, the trial court dismissed the petition, citing *State Farm Mut. Auto. Ins. Co. v. Patton* (1987) 194 Cal.App.3d 626 [239 Cal.Rptr. 750].

Appellant filed a timely notice of appeal.

Effective January 1, 1989, Insurance Code[1] section 11580.23 was enacted to abrogate the holding in *Patton* pertaining to the notice requirement of former section 11580.2.

---

[1] Unless otherwise noted, all statutory references are to the Insurance Code.

## DISCUSSION

The trial court dismissed appellant's petition to compel arbitration stating that appellant had not complied with the notice requirements of section 11580.2, subdivision (i)(1). As authority, the trial court cited *State Farm Mut. Auto. Ins. Co.* v. *Patton, supra,* 194 Cal.App.3d 626. Appellant's contention is that *Patton* does not apply to the case at bar in view of the enactment of section 11580.23

Former section 11580.2, subdivision (i) provided that: "No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: [¶] (1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction and notice of such suit has been given the insurer, . . ." In *Patton,* the court interpreted that section as requiring the insured not only to commence suit against the uninsured within one year, but also to give written notice of the suit to the insurer within one year of the accident. (194 Cal.App.3d at p. 631.)

In the instant case, appellant was in an accident involving an uninsured motorist on December 31, 1986. Although suit was filed against the uninsured motorist on November 24, 1987, notice of the suit was not given to respondent until March 22, 1988, more than one year after the accident. As noted by the trial court, under the holding in *Patton,* appellant's failure to give respondent notice of the suit within one year barred appellant's action to compel arbitration. (194 Cal.App.3d at p. 632.)

Thereafter, effective January 1, 1989, the Legislature enacted section 11580.23 which provides that: "(a) If a suit for bodily injury has been filed against an uninsured motorist in a court of competent jurisdiction, notice in writing of the suit shall be provided to the insurer of the insured plaintiff within a reasonable time after the insured knew or should have known of the uninsured status of the motorist, but in no event shall that notice be required before one year from the date of the accrual of the cause of action on which the claim is based. Failure of the insured or his or her representative to give notice shall not be a basis for denial of the uninsured motorist benefits in the absence of proof of prejudice by the insurer."

■ "It is settled . . . that no statute is to be given retroactive effect unless the Legislature has expressly so declared." (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 174 [18 Cal.Rptr. 369, 367 P.2d 865].) In the instant case, the Legislature has expressly declared that section 11580.23 shall be given retroactive effect. Section 11580.23 states that: "(b) The Legislature hereby finds that this section is declarative of existing law.

It is the intent of the Legislature to abrogate the holdings in cases such as State Farm Mutual Auto. Ins. Co. v. Patton, 194 Cal.App.3d 626, to the extent that they are inconsistent with this section. *Those decisions are abrogated and shall not apply to any matters not final.*" (Italics added.)

■ We now turn to an analysis of what the Legislature meant by the use of the term "final." Recently in *In re Marriage of Van Dyke* (1985) 172 Cal.App.3d 145 [218 Cal.Rptr. 11], the Court of Appeal sought to determine the meaning of the term "final" as used in former Civil Code section 5124 (Stats. 1983, ch. 775, § 1, p. 2853) which provided that the section applied to "[c]ommunity property settlements, judgments, or decrees that became final on or after June 25, 1981, and before February 1, 1983, . . ."

In defining "final," the *Van Dyke* court reasoned that: "A judgment is the 'final' determination of the rights of the parties in an action or proceeding. (Code Civ. Proc., § 577.) Yet, a judgment does not become 'final' in the sense of being safe from a direct attack or review, such as by way of a new trial motion or appeal, until such judgment has been affirmed in response to a direct attack or review or the time for attacking or seeking review has expired." (172 Cal.App.3d at p. 149.)

The *Van Dyke* court noted that in enacting Civil Code section 5124, there was a clear legislative intent to negate the effect of *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], a United States Supreme Court case dealing with community property. The court determined that as used in Civil Code section 5124, "final" meant free from further direct attack. (172 Cal.App.3d at p. 149.)

Given the language of section 11580.23, which indicates that it shall apply to "any matters not final," and the clear legislative intent to negate *Patton*, we conclude that as used in section 11580.23, "final" means free from further direct attack. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 2, subd. (b), p. 453.) As this appeal was still pending on January 1, 1988, the date on which section 11580.23 became effective, this matter is not "final," and, unless some other reason prohibits the retroactive application of section 11580.23, the statute is controlling in this matter.

■ Respondent argues that a retroactive application of section 11580.23 would be unconstitutional because the Legislature may not by new legislation retroactively impair vested contractual or property rights. Respondent notes that depriving a litigant of an existing absolute defense (i.e., the notice requirement) has been deemed to be the equivalent of a divestment of a vested property interest. (See *Morris* v. *Pacific Electric Ry. Co.* (1935) 2 Cal.2d 764, 768 [43 P.2d 276].) Furthermore, respondent argues

that it had a contractual right to notice since statutory provisions are read into the policy and become a part of the contract. (*Modglin* v. *State Farm Mut. Automobile Ins. Co.* (1969) 273 Cal.App.2d 693, 698 [78 Cal.Rptr. 355].)

■ A general principle of statutory construction is that: "The construction of statutes is a function of the judiciary, but where a statute is ambiguous various aids may be employed in determining the legislative intent, and a subsequent expression of the Legislature as to the intent of the prior statute, although not binding on the court, may properly be used in determining the effect of a prior act." (*California Emp. etc. Com.* v. *Payne* (1947) 31 Cal.2d 210, 213-214 [187 P.2d 702].)

■ *Patton* was a judicial interpretation of former section 11580.2. Section 11580.23 is the legislative expression that it did not intend former section 11580.2 to absolutely require that the insured give the insurer notice of the insured's suit against the uninsured motorist to the insurer within one year of the accident.

■ "In determining whether a *decision* should be given retroactive effect, the California courts undertake first a threshold inquiry, inquiring whether the decision established new standards or a new rule of law. If it does not establish a new rule or standards, but only elucidates and enforces prior law, no question of retroactivity arises." (Italics added.) (*Donaldson* v. *Superior Court* (1983) 35 Cal.3d 24, 36 [196 Cal.Rptr. 704, 672 P.2d 110].) ■ We see no reason why the same analysis should not be applied in determining whether a statute should be given retrospective application.

We note that *Patton* was decided in August 1987. The Legislature responded by enacting changes in the Insurance Code to counter *Patton* and like holdings, which were approved by the Governor in September of 1988, a relatively short interval of time. The enacted changes were to take effect on January 1, 1989. Taking into consideration the explicit language in section 11580.23 and the relatively quick action by the Legislature in reaction to *Patton,* we conclude that the purpose of section 11580.23 as it pertained to the "notice" requirements of section 11580.2 was to clarify prior and existing legislative intention rather than to express a different legislative intent. No change in the law or the establishment of a new rule or standard is involved in the enactment of section 11580.23. Thus, we are unable to find that respondent had a vested right or contractual right in the notice provision of former section 11580.2. Section 11580.23, not *Patton,* is controlling in this matter.

## DISPOSITION

The order denying appellant's motion to compel arbitration is reversed and the superior court is ordered to enter a new and different order granting appellant's petition to compel arbitration. Appellant to recover costs on appeal.

Lillie, P. J., and Johnson, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 12, 1989.