[No. G012921. Fourth Dist., Div. Three. Dec. 17, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
ALONZO MUNOZ, Defendant and Appellant.

## COUNSEL

Mark D. Sutherland for Defendant and Appellant.

Michael R. Capizzi, District Attorney, Maurice L. Evans, Chief Assistant District Attorney, John D. Conley, Assistant District Attorney, Kathleen M. Harper and Donald Clarence, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

**CROSBY J.**—When we transferred this matter from the appellate department of the superior court, the issue concerned the impact of Proposition 8's "Truth-in-Evidence" provision (Cal. Const., art. I, § 28, subd. (d)) on the statutory exclusionary rule for evidence obtained in speed traps.[1] (Veh. Code, §§ 40803-40805.) The Legislature overwhelmingly[2] answered that question in the meantime with the passage of Vehicle Code section 40808.[3] (Stats. 1992, ch. 538, § 2.) It provides, "Subdivision (d) of Section 28 of Article I of the California Constitution shall not be construed as abrogating the evidentiary provisions of this article."

---

[1] The appellate department, following *People* v. *Sullivan* (1991) 234 Cal.App.3d 56 [285 Cal.Rptr. 553], held Proposition 8 eliminated exclusion of speed trap evidence. For that reason, it did not reach the issue raised by defendant, i.e., whether Munoz was in fact cited in a speed trap. This is a radar case in which a traffic study was presented; but its information was misused by the citing officer in estimating a safe speed, it is claimed. The district attorney has not briefed the matter here or in the appellate department, apparently conceding the municipal court erred on the point—and we simply adopt the concession.

[2] The measure passed the Senate 35-0, the Assembly by a vote of 57-3, and was signed into law by the Governor.

[3] The "Truth-in-Evidence" provision generally eliminated exclusionary rules not required by federal law or specifically retained by Proposition 8. But the measure permits reenactment of such rules upon passage by a two-thirds majority of both houses of the Legislature.

 Now, the issue is whether the new statute should be applied to cases pending before its passage.[4] We hold that it should.

Although the general rule is that statutes are to be given prospective effect only, they will be applied retrospectively where the Legislature clearly so intended (*Andrus* v. *Municipal Court* (1983) 143 Cal.App.3d 1041, 1045-1049 [192 Cal.Rptr. 341]) or where the Legislature has merely elucidated existing law.[5] (*Bradley* v. *State Farm Mut. Auto Ins. Co.* (1989) 212 Cal.App.3d 404, 409 [260 Cal.Rptr. 470].) The new statute can meet either test: Because it operates as of the time of trial rather than of the violation, the statute does apply to pending cases. And it also states the legislative interpretation of Proposition 8 vis-à-vis speed traps. The Legislature's interpretation of the Constitution is, of course, entitled to deference in the courts. (*Sav-on Drugs, Inc.* v. *County of Orange* (1987) 190 Cal.App.3d 1611, 1617, fn. 3, 1623 [236 Cal.Rptr. 100].)

Accordingly, the judgment of the trial court is reversed with respect to the speeding conviction with directions to suppress the radar evidence; the companion conviction for failing to appear on the citation is affirmed.[6]

Sills, P. J., and Wallin, J., concurred.

---

[4]Defendant was convicted of speeding and failure to appear on the citation in August 1991. The Governor signed section 40808 into law in August of this year.

[5]The new statute will not technically take effect until January 1993. But it *will* become operative before this case is final in this court. Thus, we think it appropriate to offer guidance to the lower courts as to whether it should be applied on remand. (Code Civ. Proc., § 43.)

[6]No rule of exclusion reaches so far as to excuse a subsequent failure to appear in court merely because the original charge turns out to be flawed for one reason or another, and defendant makes no such contention.