TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : |  |
|  | : | No. 97-1212 |
| of | : |  |
|  | : | June 23, 1998 |
| DANIEL E. LUNGREN | : |  |
| Attorney General | : |  |
|  | : |  |
| ANTHONY Da VIGO | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

_____

THE HONORABLE THOMAS F. CASEY, III, COUNTY COUNSEL, COUNTY OF SAN MATEO, has requested an opinion on the following question:

Is a former elective member of a community college district governing board, who served eight years (1989-1997) in office and four years (1980-1984) as a faculty member of the district, eligible for district-paid retiree medical benefits if the district requires a minimum of ten years of employment in order for district-paid retiree medical benefits to vest?

CONCLUSION

A former elective member of a community college district governing board, who served eight years (1989-1997) in office and four years (1980-1984) as a faculty member of the district, is not eligible for district-paid retiree medical benefits if the district requires a minimum of ten years of employment in order for district-paid retiree medical benefits to vest.

ANALYSIS

We are asked to interpret the provisions of Government Code section 53201, **Footnote No. 1** which provide in part as follows:

"(a) The legislative body of a local agency, subject to conditions as may be established by it, may provide for any health and welfare benefits for the benefit of its officers, employees, retired employees, and retired members of the legislative body, as provided in subdivision (b), who elect to accept the benefits and who authorize the local agency to deduct the premiums,

dues, or other charges from their compensation, to the extent that the charges are not covered by payments from funds under the jurisdiction of the local agency as permitted by Section 53205.

"(b) The legislative body of a local agency may also provide for the continuation of any health and welfare benefits for the benefit of former elective members of the legislative body who (1) served in office after January 1, 1981, and whose total service at the time of termination is not less than 12 years, or (2) have completed one or more terms of office, but less than 12 years, and who agree to and do pay the full costs of the health and welfare benefits."

Section 53205, referred to in section 53201, provides in part:

"From funds under its jurisdiction, the legislative body may authorize payment of all, or such portion as it may elect, of the premiums, dues, or other charges for health and welfare benefits of officers, employees, retired employees, former elective members specified in subdivision (b) of Section 53201, and retired members of the legislative body subject to its jurisdiction."

Essentially, the inquiry presented for our analysis is whether four years of employment as a faculty member may be combined with eight years service as a member of the governing board of a community college district in order to qualify for district-paid retiree medical benefits if the district requires ten years of employment for entitlement to district-paid benefits. We conclude that the two may not be combined in such circumstances.

We assume that the district's rules requiring ten years of employment in order for district-paid benefits to vest refer to a full-time salaried position. Accordingly, such benefits would not be available by virtue of having four years of employment as a faculty member. **Footnote No. 2** Further, service as a member of the governing board would not constitute a full-time salaried position, and therefore may not be added to the four years of employment for purposes of the district's own ten-year requirement.

Subdivision (b) of section 53201 pertains specifically to former elective members of a legislative body. **Footnote No. 3** In order to qualify for the "continuation of any health and welfare benefits" that were conferred during a board member's term of office pursuant to subdivision (a) of the statute, the former member's "total service at the time of termination [must not be] less than 12 years . . . ." Since employment as a faculty member would not qualify as service as an elective member of the legislative body, the four years of employment may not be added to time served as an elective member of the board in order to qualify for district-paid retiree benefits pursuant to the terms of section 53201.

Nothing, therefore, in the specific language of section 53201 would authorize the granting of district-paid benefits in the circumstances presented. We recognize, however, that the general powers of a school district governing board, including the governing board of a community college district, are exceedingly broad. (Cal. Const., art. IX, § 14; *Cumero* v. *Public Employment Relations Board* (1989) 49 Cal.3d 575, 591.) Education Code section 35160 states:

"On and after January 1, 1976, the governing board of any school district may initiate and carry on any program, activity, or may otherwise act in any manner *which is not in conflict with or inconsistent with, or preempted by, any law* and which is not in conflict with the purposes for which school districts are established." (Italics added.)

Section 35160.1 additionally provides:

"(a) The Legislature finds and declares that school districts, county boards of education, and county superintendents of schools have diverse needs unique to their individual communities and programs. Moreover, in addressing their needs, common as well as unique, school districts, county boards of education, and county superintendents of schools should have the flexibility to create their own unique solutions.

"(b) In enacting Section 35160, it is the intent of the Legislature to give school districts . . . broad authority to carry on activities and programs, including the expenditure of funds for programs and activities which, in the determination of the governing board of the school district . . . are necessary or desirable in meeting their needs and are not inconsistent with the purposes for which the funds were appropriated. It is the intent of the Legislature that section 35160 be liberally construed to effect this objective.

"(c) The Legislature further declares that the adoption of this section is a clarification of existing law under Section 35160." **Footnote No. 4**

Notwithstanding the language of sections 35160 and 35160.1, a district's broad powers relating to the educational needs of its students do not extend to control over many aspects of the terms and conditions of faculty employment in light of the detailed statutory provisions governing such matters. In *Cumero* v. *Public Employment Relations Board*, *supra*, 49 Cal.3d at 591, the court stated:

". . . PERB and the union point out that many matters affecting the terms and conditions of public school teachers' employment are beyond the control of the local school districts. The districts' powers are conferred by the Legislature. (Cal. Const., art. IX, § 14.) Though the powers thus conferred are broad (see, e.g., Ed. Code, §§ 35160, 35160.1), the local districts are denied control over many aspects of teachers' terms of employment by detailed provisions in the Education Code governing such matters as initial employment (Ed. Code, § 44830 et seq.), resignations, dismissals and leaves of absence (*id*., § 44930), computation of salaries (*id*., 45022 et seq.), *health and welfare benefits* (*id*., § 7000 et seq.), and retirement (*id*., § 22000 et seq. [State Teachers' Retirement Law])." (Italics added.)

In *Fleice* v. *Chualar Union Elementary School District* (1988) 206 Cal.App.3d 886, 890, the court held:

"In light of [Education Code] section 35160, the local control statute, the question we must answer is whether a school board's decision to grant tenure after only one year conflicts with section 44882 [which makes tenure automatic at the end of two years but does not expressly

prohibit earlier tenure; see now section 44929.21 et seq.]. We believe that early tenure would conflict with the tenure statute and is, thus, beyond a school board's power."

In 76 Ops.Cal.Atty.Gen. 46 (1993) we concluded that a school district, in exercising its broad powers under section 35160, may pursuant to a multi-year employment agreement make a lump-sum payment of money to a retiring certificated superintendent of schools for unused, accumulated sick leave. We specifically determined that such action would not be "in conflict with or inconsistent with, or preempted by, any law" within the meaning of section 35160. (*Id.*, at pp. 50-51.)

With respect to the district-paid medical benefits in question, on the other hand, benefits for former elective members of the governing board who have served less than 12 years in office would be "in conflict with or inconsistent with, or preempted by" the terms of section 53201.

Accordingly, we conclude that a former elective member of a community college district governing board, who served eight years (1989-1997) in office and four years (1980-1984) as a faculty member of the district, is ineligible for district-paid retiree medical benefits if the district requires a minimum of ten years of employment in order for district-paid retiree medical benefits to vest.

\* \* \* \* \*

---

**Footnote No. 1**
All references hereafter to the Government Code are by section number only.
**Footnote No. 2**
The certificated personnel of a community college district fall within the ambit of the Educational Employment Relations Act (§§ 3540-3549; see *Mt. San Antonio Community College District* v. *Public Employment Relations Board* (1989) 210 Cal.App.3d 178; *Santa Monica Community College District* v. *Public Employment Relations Board* (1980) 112 Cal.App.3d 684). Health and welfare benefits as defined by section 53200 are covered by this legislative scheme. (§ 3543.2; cf. *San Mateo City School Dist.* v. *Public Emp. Rel. Bd.* (1983) 33 Cal.3d 850, 864-866.) We have not been apprised of and do not consider the existence or effect of any collective bargaining agreement executed pursuant to this legislation.
**Footnote No. 3**
The distinction between a "retired" member (§ 53201, subd. (a)) and a "former elective" member (§ 53201, subd. (b)) was analyzed in 62 Ops.Cal.Atty.Gen. 631, 633 (1979).
**Footnote No. 4**
A subsequent expression of the Legislature bearing upon the intent of a prior statute *that is unclear* may be properly considered in determining the effect and meaning of the prior statute. (*California Emp. etc. Com.* v. *Payne* (1947) 31 Cal.2d 210, 213-214; *Tyler* v. *State of California* (1982) 134 Cal.App.3d 973, 977.) However, the view of a subsequent Legislature of the meaning of a prior Legislature's enactment is not controlling. (*California Teachers Assn.* v. *Cory* (1984) 155 Cal.App.3d 494, 506-507; *County of Sacramento* v. *State of California* (1982) 134 Cal.App.3d 428, 433-434, fn. 5; 78 Ops.Cal.Atty.Gen. 18, 19-20 (1995).)

---